**UNITED STATES of America, Appellee,**

v.

**Glenda Patricia McMILLIAN, Appellant.**

**No. 15025.**

United States Court of Appeals, Fourth Circuit.

March 4, 1971.

---

———◆———

Martin R. Shelton, Williamsburg, Va., on the brief for appellant.

Brian P. Gettings, U. S. Atty., and Roger T. Williams, Asst. U. S. Atty., on the brief for appellee.

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

PER CURIAM:

Glenda Patricia McMillian appeals her conviction for violating 18 U.S.C. § 914, which provides:

> Whoever falsely personates any true and lawful holder of any share or sum in the public stocks or debt of the United States, or any person entitled to any annuity, dividend, pension, wages, or other debt due from the United States, and, under color of such false personation, transfers or endeavors to transfer such public stock or any part thereof, or receives or endeavors to receive the money of such true and lawful holder thereof, or the money of any person really entitled to receive such annuity, dividend, pension, wages, or other debt, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

The evidence at trial tended to show that the appellant cashed a United States Treasury check made out to one Elnora Narwood by representing herself as the payee and by exhibiting, as proof of appellant's identity, a card issued in the name of the payee. This same check had been endorsed by Elnora Narwood a few days earlier in the presence of a local merchant who cashed the check for her. The merchant also endorsed the check, but his endorsement was scratched out after the check was stolen from him as he was on his way to deposit it in a bank.

The appellant argues that at the time she cashed the check in question she was not guilty of passing an instrument which was a debt of the United States since the payee had theretofore negotiated the check and received cash for it; or, even if the check still evidenced a debt of the United States, she could not be guilty of personation since the payee was not a holder of the instrument at the time appellant cashed the check. However, we hold that, by falsely representing herself to be the person entitled to payment under the instrument, appellant was guilty within the congressional intendment of the provisions of 18 U.S.C. § 914.

Accordingly, we find oral argument unnecessary and affirm the conviction.

Affirmed.